## PACIFIC RY. IMP. Co. *v.* METCALF and others.*

*(Circuit Court, N. D. Texas.* December, 1882.)

JURISDICTION OF THE CIRCUIT COURT IN NORTHERN DISTRICT OF TEXAS—SUPP.
REV. ST. 415, 490, 550; ACT OF MARCH 3, 1875.

> The jurisdiction of the circuit court for the northern district of Texas, so far as it is affected by the citizenship or residence of parties litigant, is not restricted by any of the provisions of the act of congress creating the northern district of Texas, (Supp. Rev. St. 415,) nor by any of those of the acts amendatory thereof, (Id. 490, 550,) but is regulated by the provisions of the jurisdiction act of March 3, 1875, (18 St. 470.)

On Demurrer to the Jurisdiction.

*Mr. Herman,* for plaintiff.

*Mr. Stranghan,* for defendants.

PARDEE, J. This suit is brought in this court at this place by the plaintiff, an alleged citizen of the state of Connecticut, against the defendants, alleged citizens of Palo Pinto county, in this district. The defendants demur to the jurisdiction of the court, on the ground that under the act of congress creating the northern district of Texas, (Supp. Rev. St. 415,) and the acts amendatory thereof, (Id. 490, 550,) the defendants, as citizens of Palo Pinto county, can only be sued in the circuit court of the northern district of Texas, at Graham, in said district, and that this circuit court, sitting at Dallas, has no jurisdiction over defendants as such citizens of Palo Pinto county.

An examination of the said statutes brings us to the conclusion that all of the provisions of the said act, restricting the return of process in civil cases to particular places in said district, apply only to the district court; except, perhaps, for the county of Jackson, in the eastern, and certain counties in the western district. In fact, the original act does not refer to the circuit courts, as then none were established for the northern district.

The first amendatory act goes no further, so far as the circuit court is concerned, than to attach the newly-created district to the fifth circuit, and provide for the times when and the places where the circuit court for the district shall be held.

The second amendatory act provides only with regard to the trial of criminal offenses.

The general statute establishing circuit courts provides:

"Circuit courts are established as follows: one for the three districts of Alabama, one for the eastern district of Arkansas, one for the southern dis-

---

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

trict of Mississippi, and one for each district in the states not herein named,—and shall be called the circuit courts for the districts for which they are established." Rev. St. § 608.

The amendatory act, (Supp. Rev. St. 490, *supra*,) which establishes the circuit courts in the northern district of Texas, does not establish more than one circuit court in the district, and does not save to the citizen of said district the right to be sued in the circuit court only at certain places therein.

We can understand, easily, from the general phraseology of the several acts referred to, that the intention to create several divisions in the northern district, in which residents could only be sued in the circuit courts, existed in the minds of whoever drew the acts in question, but congress did not carry this intention into the law actually passed.

The only restriction that we find as to the place where parties may be sued in the circuit courts of the United States, is found in the jurisdiction act of March 3, 1875, which, for this and like cases, provides: "And no civil suit shall be brought before either of said courts against any persons, by any original process or proceeding, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings, except as hereinafter provided;" from all of which it follows that this suit was rightfully instituted in this court, and the demurrer should be overruled.

McCORMICK, J., concurs.